# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re<br>BARBARA A. LINDEN,<br>    *Appellant*,<br><br>v.<br><br>U.S. TRUSTEE, *et al.*,<br>    *Appelles*. | No. 3:19-cv-775 (VAB) |

## RULING AND ORDER ON MOTIONS

Barbara A. Linden appeals the order from the United States Bankruptcy court. Notice of Appeal, ECF No. 1 (May 21, 2019). She has four pending motions before the court. *See* Mot. to Articulate, ECF No. 19 (Aug. 20, 2019); Mot. for an Ext. of Time, ECF No. 20 (Aug. 20, 2019); Mot. for Order, ECF No. 22 (Sept. 6, 2019); Mot. to Recuse, ECF No. 21 (Sept. 11, 2019).

For the following reasons, the motion to recuse is **DENIED**, the motion for an extension of time is **GRANTED**, and the motion to articulate and motion for order are **DENIED** as moot.

Ms. Linden has until **May 1, 2020** to file her brief in support of her bankruptcy appeal.

## I. DISCUSSION

### A. Motion to Recuse[1]

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party . . . . " 28 U.S.C. § 144; *see also* 28 U.S.C. § 455(a)(1) (requiring judges to disqualify themselves where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Such a motion "shall be filed not less than ten days before the beginning of the

---

[1] The Court first considers the motion to recuse. *See Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318 (2d Cir. 2005) (28 U.S.C. § 244 requires "that judges subject to motions to disqualify proceed no further until all recusal issues are resolved.").

1

term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.* In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312.

Ms. Linden alleges that the procedural history of the case demonstrates the need for recusal as it reveals "the partiality and bias against the 14th amendment[.]" Mot. to Recuse at 1. The Court's alleged "refusal to follow well settled case law has resulted in the delay of justice for the Appellant [and] Her Estate[.]" *Id.* at 2. Ms. Linden alleges fraud and non-existent or fake orders, as support for her argument of bias and prejudice, *id.* at 5-6, and that, as a result, due process allegedly has been denied to her, *id.* at 7.

The Court disagrees.

Ms. Linden fails to demonstrate any bias or prejudice exhibited by this Court, beyond her own disapproval of its decisions. "Prior rulings are, ordinarily, not a basis for disqualification." *Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("*Gallop III*"). While Ms. Linden alleges prejudice and bias against the Fourteenth Amendment, she fails to offer any specific allegations or facts that support an inference of bias or prejudice. As alleged, no "reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality

2

might reasonably be questioned." *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn. 1993) (referring to the related provision of Section 455); s*ee also In re CBI Holding Co.,* 424 F.3d 265, 266-67 (2d Cir. 2005) (general discussions of employment five years previously did not warrant recusal).

Accordingly, the motion to recuse will be denied.

### B. Motion for an Extension of Time

A district court may extend a deadline for good cause. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may for good cause, extend the time . . . .").

Ms. Linden seeks an extension of time to file her brief because she has not yet received the transcript from the bankruptcy court proceedings. The Court finds good cause to grant an extension. *See Dietz v. Bouldin*, 136 S. Ct. 1885 (2016) (a district court retains "inherent power to . . . manage its docket and courtroom with a view toward the efficient and expedient resolution of cases").

Accordingly, the motion for an extension of time will be granted.

### C. Motions for Order and Articulation

Given the Court's rulings on the motion to recuse and motion for an extension of time, the Court finds the remaining motions moot, at least until Ms. Linden has filed her brief.

### II. CONCLUSION

For the reasons explained above, the Court **DENIES** the motion to recuse, **GRANTS** the motion for an extension of time, and **finds MOOT** the motion to articulate and motion for order.

Ms. Linden has until **May 1, 2020** to file her brief.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of March, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge